**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

GREGORY M. SMALL                                                                                           PETITIONER

v.                                           Case No. 5:08CV00273 JLH/HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                                                                   RESPONDENT

## OPINION AND ORDER

The Court has received proposed findings and recommendations from United States Magistrate Judge Henry L. Jones, Jr. The Court has reviewed the findings and recommendations, the objections to the findings and recommendations filed by the petitioner, Gregory M. Small, and has made a *de novo* review of the record. For the reasons that will be stated, Small's objections are overruled.

Small first objects that he has not consented to having the magistrate judge preside over this case, so the magistrate judge should not be involved. Congress has provided for the jurisdiction and powers of magistrate judges in 28 U.S.C. § 636. Following that statute, the Federal Rules of Civil Procedure have reiterated the powers of magistrate judges in Rule 72, and following both the statute and Fed. R. Civ. P. 72, this Court has stated the powers and duties of magistrate judges in Local Rule 72. Both the statute and the rules provide that a judge may designate a magistrate judge to hear and determine any pretrial matter, with certain exceptions not relevant here, provided that a judge of the court may reconsider any pretrial matter where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1.VII. With respect to dispositive matters, when the parties have not consented to jurisdiction by a magistrate judge, the judge may designate a magistrate judge to submit proposed findings of fact

and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1); Local Rule 72.1.VIII.A. When a judge designates a magistrate judge to submit proposed findings of fact and recommended dispositions, either party may file written objections to the proposed findings and recommendations, and then the judge must make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); Local Rule 72.1.VIII.C. In this district, all prisoner petitions filed pursuant to 28 U.S.C. § 2254, as this one is, are referred to a magistrate judge for proposed findings and recommended disposition. Local Rule 72.1.VIII.B.1. Hence, while Small is correct that the magistrate judge may not decide his case without his consent, he is incorrect in saying that the magistrate judge should not be involved at all. The magistrate judge is authorized to make proposed findings and recommendations for the disposition of Small's petition filed under 28 U.S.C. § 2254, but by the same token, because Small has not consented to jurisdiction by the magistrate judge, it is the duty of the undersigned to make a *de novo* review of the record with respect to the portions of the report to which Small objects.

Small next objects that the Anti-Terrorism and Effective Death Penalty Act (AEDPA) states that the one-year statute of limitations begins when the judgment becomes final by conclusion of direct review or expiration of the time for seeking such review, and then he says that it was his understanding that the judgment was not final until October 23, 2007, so the one-year statute of limitations provided for AEDPA should have begun to run as of that date. As Small correctly states, and as the magistrate judge correctly stated, AEDPA provides that a habeas petition filed by a person in state custody must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C.

§ 2244(d)(1)(A).[1] Small is mistaken, however, in his understanding that the judgment was not final until October 23, 2007. October 23, 2007, is the date on which the Supreme Court of Arkansas issued its mandate and finally denied his petition for post-conviction review filed pursuant to Rule 37. However, the judgment to which 28 U.S.C. § 2244(d)(1)(A) refers is the judgment of conviction, not the ruling on a petition for post-conviction relief. Small was convicted on June 3, 2004. He appealed to the Arkansas Court of Appeals, which affirmed on June 22, 2005, and issued the mandate on July 12, 2005. The direct review of his judgment concluded, and the statute of limitations began to run, no later than 90 days thereafter for the reasons stated in the proposed findings and recommended disposition. Small's understanding that the one-year period of limitations did not begin to run until after disposition of his petition for post-conviction relief filed pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure confuses the distinction between direct review of a judgment and a collateral attack on a judgment. The direct review of the judgment of conviction was concluded either on July 12, 2005, when the mandate was issued pursuant to the court of appeals opinion of June 22, 2005, or 90 days later, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. The proposed findings and recommended disposition gives Small the benefit of the doubt and assumes that the period of limitations began to run 90 days after July 12, 2005.

Small next argues, "the 181 days that this Magistrate Judge is trying to hold against the petitioner is caused [through] no fault of his own doing, and should fall under equitable tolling." The 181 days to which Small refers is the period between May 31, 2006, when the time expired for

---

[1] The statute provides other dates from which the limitation period shall run in circumstances not applicable here. *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

Small to file a notice of appeal from the denial of his Rule 37 petition, and November 28, 2006, when he filed his motion for belated appeal. During that time, Small did not have a petition for post-conviction relief pending in state court, so that period of time is not excluded from the calculation of the period of limitations under 28 U.S.C. § 2244(d)(2). Thus, when the Supreme Court of Arkansas affirmed the denial of Small's Rule 37 petition and issued its mandate on October 23, 2007, 181 days of the one-year period of limitations had run.

Small may be correct that this period of 181 days expired through no fault of his own, assuming, as the Court will do, that he did not receive notice that the circuit court had denied his Rule 37 petition. Nevertheless, at some point he did receive notice, he filed a motion for belated appeal, his motion was granted, the Supreme Court of Arkansas considered his appeal on the merits, and that court denied his appeal. When all of that had taken place, Small had 184 days remaining within which to file his petition pursuant to 28 U.S.C. § 2254, but he waited 344 days to file his petition. In Small's objections to the proposed findings and recommended disposition, he argues that he is unlearned in the law, that he made a good faith error, and that the running of the 181 days was not due to his lack of diligence, all of which he says justifies equitable tolling of the statute of limitations.

The Eighth Circuit has said, "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005)). Assuming that Small has shown that he has been pursuing his rights diligently, he has still not shown an extraordinary circumstance that stood in his way. From reviewing his objections to the proposed

findings and recommended disposition, it appears that he did not file his petition in this Court within 184 days after the Supreme Court of Arkansas issued its mandate on October 23, 2007, because he mistakenly believed that he had one year from that date within which to file his petition. The Eighth Circuit has held that a misunderstanding of the law, including confusion about or misunderstanding of the period of limitations, is not an extraordinary circumstance that justifies equitable tolling. *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

For these reasons, Small's objections to the proposed findings and recommended disposition from United States Magistrate Judge Henry L. Jones, Jr., are without merit. After a *de novo* review of the record, the Court concludes that the findings and recommendations should be, and hereby are, approved and adopted as this Court's findings in all respects in their entirety. Judgment shall be entered accordingly.

IT IS SO ORDERED this 1st day of June, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE